Matter of Nazmiyal (2019 NY Slip Op 06772)





Matter of Nazmiyal


2019 NY Slip Op 06772


Decided on September 25, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2018-13790

[*1]In the Matter of Benjamin Nazmiyal, admitted as Ben Nazmiyal, an attorney and counselor-at-law. (Attorney Registration No. 4831517)



The respondent, Benjamin Nazmiyal, was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 17, 2010, under the name Ben Nazmiyal. By order to show cause dated January 25, 2019, the respondent was directed to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey filed October 1, 2018.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for Grievance Committee for the Tenth Judicial District.



PER CURIAM.


OPINION & ORDER
By order of the Supreme Court of New Jersey, filed October 1, 2018, the respondent was disbarred from the practice of law in that state (see Matter of Nazmiyal , 235 NJ 222, 194 A3d 499). The order was predicated on a decision dated June 27, 2018, of the Disciplinary Review Board (hereinafter DRB) of the Supreme Court of New Jersey, in connection with two complaints filed under Docket Nos. 17-351 and 17-445. The respondent was admitted to practice in New Jersey in 2010. He was temporarily suspended by the Supreme Court of New Jersey, commencing June 14, 2016, for failing to comply with fee arbitration determinations in nine separate matters.
A. New Jersey Proceedings 
As revealed in the DRB's decision, in both Docket Nos. 17-351 and 17-445, complaints were filed against the respondent with the Office of Attorney Ethics (hereinafter OAE) in connection with loan modification services he offered and performed for numerous clients. The respondent was represented by counsel before the OAE.
1. Failure to Answer Complaints 
In both Docket Nos. 17-351 and 17-445, the OAE sent a copy of the complaint to the respondent's attorney at his law office by regular and certified mail, return receipt requested. Confirmation of the certified mailings was received by the OAE and the regular mailings were not returned. After receiving no response, the OAE sent a second letter in each matter to the respondent's attorney, by regular and certified mail, return receipt requested, informing him, among other things, that in the event the respondent failed to file an answer to the complaint within five days of the date of letter, the OAE would deem the allegations set forth in the complaint admitted, and the entire record would be certified to the DRB for the imposition of discipline. The OAE received a response from the respondent's attorney in Docket No. 17-351, requesting the OAE to [*2]delay entering a default on the complaint because the respondent was out of the country but would be returning within one week. No response was made regarding Docket No. 17-445. Although the OAE granted the respondent an extension of time to file answers to both complaints, he failed to do so. Thereafter, the complaints came before the DRB as a result of the respondent's default.
2. Underlying Misconduct 
The DRB found that the respondent's failure to file answers was deemed an admission that the allegations set forth in the complaints are true and that they provide a sufficient basis for the imposition of discipline (see NJ Rules of Ct rule 1:20-4[f][1]). Notwithstanding that rule, the DRB noted that each charge set forth in an ethics complaint must be supported by sufficient facts for the DRB to determine that unethical conduct occurred. After reviewing the allegations of the complaints, the DRB found that the respondent had engaged in the professional misconduct as alleged in counts one and two of both complaints, as follows:
First, by collecting advance fees totaling approximately $78,000 from numerous clients in violation of 16 CFR former 322.5, otherwise known as the Mortgage Assistance Relief Services (hereinafter MARS) Rule, the respondent violated New Jersey Rules of Professional Conduct (hereinafter RPC) rule 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Pursuant to the MARS Rule, mortgage relief companies were prohibited from collecting any fees until they have provided consumers with a written offer from their lender, describing the changes to their mortgage that would result from acceptance of the offer. Upon receipt of such written offer, the consumer could reject it and was under no obligation to pay the mortgage relief company. Although former section 322.7 of the MARS Rule specifically exempted attorneys and law firms from former section 322.5 if certain criteria were met, the respondent and his firm did not satisfy such criteria. As alleged in the complaints, the respondent repeatedly collected fees from clients before providing them with a written loan modification offer.
Second, the DRB found that the respondent violated RPC rule 1.15(a) by failing to keep client funds separate from his funds. In the transactions set forth in the complaints, the respondent deposited the fees collected into his attorney business account instead of his attorney trust account, as required by former section 322.7 of the MARS Rule.
Third, the DRB found that the respondent violated RPC rule 8.4(b) by acting as a debt adjuster without a license, in violation of NJ Stat Ann 2C:21-19(f), a crime of the fourth degree. Pursuant to New Jersey's debt adjustment statute, a license is required to conduct mortgage modifications (see NJ Stat Ann 17:16G-2). Although an attorney may be exempt from the licensing requirement if he or she is "not principally engaged as a debt adjuster" (NJ Stat Ann 17:16G-1[c][2]), the respondent did not qualify for the exemption inasmuch as 60% to 70% of his practice involved mortgage loan modifications, and the remainder of his practice dealt with client debt and bankruptcy matters. Therefore, in each of the instances set forth in the complaints, the respondent illegally conducted mortgage modifications without a license.
Additionally, as alleged in count three of the complaint filed under Docket No. 17-351, the DRB found that the respondent failed to comply with the court's temporary suspension orders, and failed to respond to the OAE's requests for information, in violation of RPC rules 8.1(b) (knowingly failing to respond to a demand from a disciplinary authority) and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
In determining an appropriate sanction, the DRB considered certain factors in aggravation, including that: (1) the respondent's conduct was serious and repetitive; (2) the respondent took advantage of financially struggling clients; (3) restitution was unlikely since the respondent left the country; and (4) the respondent has shown disdain for the disciplinary process by defaulting in these matters, failing to appear before the DRB on nine separate occasions, and failing to satisfy prior fee arbitration awards entered in favor of his clients totaling almost $75,000. The DRB recommended that the respondent be disbarred.
By order of the Supreme Court of New Jersey filed October 1, 2018, the respondent was disbarred from the practice of law in the State of New Jersey, and his name was ordered to be stricken from the roll of attorneys.
B. New York Proceedings 
By order to show cause dated January 25, 2019, the respondent was directed to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13, imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey filed October 1, 2018, by filing an affidavit in accordance with 22 [*3]NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Tenth Judicial District, on or before March 13, 2019.
Although duly served with this Court's order to show cause, and the papers upon which it was based, the respondent has neither interposed a response, nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline. Based on the findings of the Supreme Court of New Jersey, we find that reciprocal discipline is warranted and, effective immediately, the respondent is disbarred from the practice of law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13(c), the respondent, Benjamin Nazmiyal, admitted as Ben Nazmiyal, is disbarred effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Benjamin Nazmiyal, admitted as Ben Nazmiyal, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Benjamin Nazmiyal, admitted as Ben Nazmiyal, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Benjamin Nazmiyal, admitted as Ben Nazmiyal, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court